UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No. 9:21-cv-81400

DANIELLE YEAGER,

        Plaintiff,

v.

KOHL'S, INC.,

        Defendant.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Danielle Yeager, by and through her attorneys, alleges the following violations of her federal consumer protection rights against Defendant Kohl's, Inc. ("Kohl's").

## INTRODUCTION

1. Count I of Ms. Yeager's Complaint against Kohl's is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Ms. Yeager's Complaint is based upon the Florida Consumer Collection Practices Act ("FCCPA"), §559.55 *et seq.* Fla. Stat. The FCCPA is a Florida statute that regulates the collection of debts within the state by debt collectors and original creditors. The FCCPA provides relief additional to the TCPA.

3. Count III of Ms. Yeager's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of

another or his private affairs or concerns . . . that would be highly offensive to a reasonable person."

## JURISDICTION

4. Jurisdiction of this court arises under 28 U.S.C. §§1331, 1367 and 47 U.S.C. §227.

5. Federal question jurisdiction exists because Kohl's conduct violates Ms. Yeager's rights under the TCPA, a federal statute.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred within the geographic boundary of the Southern District of Florida and Kohl's has a physical presence, does business in, and has registered agents in this District and Division.

7. Because Kohl's conduct was aimed at, the effects of its conduct were suffered in, and it transacts business in the Southern District of Florida, personal jurisdiction is established.

## PARTIES

8. Ms. Yeager is a natural person.

9. During all times pertinent to this complaint Ms. Yeager resided in Lake Park, Florida.

10. Ms. Yeager is a "consumer" as defined under §559.55(3), Fla. Stat.

11. Kohl's is a "creditor" as defined under §559.55(5), Fla. Stat.

12. Kohl's is a Wisconsin corporation that has multiple physical locations and transacts business in Florida.

13. Kohl's principal place of business is located at N56 W17000 Ridgewood Dr., Menomonee Falls, Wisconsin, 53051.

14. Kohl's registered agent in Florida is Corporate Creations Network Inc., located at 801 US Highway 1, North Palm Beach, FL 33408

15. Kohl's acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

16. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

17. Kohl's is attempting to collect one or more alleged debts from Ms. Yeager, originating from a Kohl's-branded credit card.

18. In or around July 2020, Ms. Yeager began receiving telephone calls from Kohl's to her cellular phone.

19. The calls mainly originated from the numbers: (855) 219-9473; (903) 593-8790; (414) 257-2339; (262) 704-9780; (305) 508-4354; (305) 224-1555; (305) 508-1415; (786) 789-5968; (786) 217-9116; (800) 575-6457; and (903) 593-0589. Upon information and belief, these phone numbers are owned, operated or controlled by the Kohl's or their agent(s).

20. On or about June 24, 2020, at 11:23 a.m., Ms. Yeager answered a call from Kohl's and spoke with a representative who identified himself as Michael (ID #9641).

21. After picking up the call, Ms. Yeager noticed an unusually long delay before the representative began speaking and several beeps or clicks, consistent with the use of an automatic dialing system.

22. The representative verified Ms. Yeager's identity and indicated that they were attempting to collect a debt.

23. Ms. Yeager informed the representative that she was experiencing a financial

hardship made even worse by the Covid-19 pandemic. In 2019, Ms. Yeager was unemployed for five months due to two major surgeries. Then the Covid-19 pandemic struck and Ms. Yeager's hours at work were drastically cut at the same time that expenses shot up from her children going to school virtually while she was at work.

24. Ms. Yeager then explained that she was unable to make a payment and requested that Kohl's communicate with her by mail from then on, thereby revoking consent to be called on her cellular phone.

25. Ms. Yeager also promised that she would contact Kohl's when she was again able to make a payment.

26. On or about January 10, 2021, Ms. Yeager answered another call from Kohl's.

27. As on the previous call, Ms. Yeager noticed an unusually long delay before the representative began speaking, and right before the representative began speaking Ms. Yeager heard a series of beeps or clicks, consistent with the use of an automatic dialing system. The representative identified himself as Ray (ID #0940) and verified Ms. Yeager's identity. The representative then indicated that they were attempting to collect a debt from Ms. Yeager.

28. Ms. Yeager explained that Kohl's had harassed her long enough, and asked again to be contacted by mail and for the calls to stop, thereby revoking consent to be called on her cellular phone for a second time.

29. On or about May 24, 2021, at approximately 5:17 pm, Ms. Yeager answered yet another call from Kohl's.

30. As on the previous calls, Ms. Yeager noticed an unusually long delay before the representative began speaking, and right before the representative began speaking Ms. Yeager heard a series of beeps or clicks, consistent with the use of an automatic dialing system. The

representative identified herself as Lisa and verified Ms. Yeager's identity. The representative then indicated that they were attempting to collect a debt from Ms. Yeager.

31. Ms. Yeager again complained that Kohl's was still harassing her with incessant telephone calls to her cellular phone and for a third time asked that Kohl's do not call her, thereby revoking consent to be called on her cellular phone for a third time.

32. The representative responded that Ms. Yeager's cellular phone number was already marked not to be called but that the system continued to call her.

33. Despite Ms. Yeager expressly revoking consent to be called no less than three times, and explaining that she could not pay at the time, Kohl's subjected Ms. Yeager to a harassment campaign by calling Ms. Yeager on her cellular phone relentlessly for about 10 months.

34. Between and including July 27, 2020, and May 24, 2021, Kohl's called Ms. Yeager on her cellular telephone no less than **FIVE HUNDRED AND THIRTY-FOUR (534) times** *after* she revoked consent.

35. Kohl's called Ms. Yeager almost every day, including the weekends.

36. Kohl's called Ms. Yeager several times a day.

37. Kohl's called Ms. Yeager at all times during the day, from as early as 8 am to as late as 8 pm.

38. Kohl's called Ms. Yeager and delivered prerecorded or artificial voice messages.

39. Upon information and belief, Kohl's also called and texted, or attempted to call and text friends and family of Ms. Yeager with the intention that they would communicate to Ms. Yeager that Kohl's was attempting to collect a debt from her, causing Ms. Yeager additional embarrassment and distress.

40. Upon information and belief, Kohl's automatic dialers failed to return to the on-hook state within 60 seconds of completion of dialing.

41. Upon information and belief, Kohl's system "use[s] a random generator to determine the order in which to pick phone numbers from a preproduced list" and "then store[s] those numbers to be dialed at a later time." *Facebook, Inc. v. Duguid*, 592 U. S. \_\_\_\_, slip op. 10, n.7 (2021).

42. Upon information and belief, Kohl's system used to call Ms. Yeager has the capacity to store a telephone number using a random or sequential number generator.

43. Upon information and belief, Kohl's system used to call Ms. Yeager has the capacity to produce a telephone number using a random or sequential number generator.

44. Kohl's intrusion upon Ms. Yeager's seclusion was highly offensive to the reasonable person. Kohl's intruded into Ms. Yeager's seclusion by placing over 500 telephone calls made to her cellular phone, even after Ms. Yeager explained she simply did not have the money to pay, the Covid-19 pandemic had further exacerbated her finances, and she had given Kohl's clear instructions to not call her but to communicate with her by mail.

45. Kohl's is familiar with the TCPA and with the FCCPA.

46. Kohl's conduct was not only done willfully but was done with the intention of causing Ms. Yeager such distress, so as to induce her to pay the debt.

47. Kohl's conduct was oppressive, outrageous, and exceeded reasonable collection efforts. Kohl's conduct was especially unreasonable because they called relentlessly shortly after Ms. Yeager explained why she could not make a payment and revoked consent three times. All of Kohl's collection calls were made during the Covid-19 pandemic.

48. Each and every one of Kohl's telephone calls caused Ms. Yeager distraction,

annoyance, frustration, and temporary loss of use of her telephone line.

49. As a result of Kohl's conduct, Ms. Yeager has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

50. Ms. Yeager incorporates by reference paragraphs 16 through 49 as though fully stated herein.

51. Kohl's violated the TCPA. Kohl's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Kohl's violated 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call."

    b. Within four years prior to the filing of this action, on multiple occasions Kohl's violated 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "[i]t shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party".

52. As a result of Kohl's violations of 47 U.S.C. §227, Ms. Yeager is entitled to declaratory judgment that Kohl's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Kohl's knowingly and/or willfully violated the TCPA, Ms. Yeager is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the FCCPA, §559.55 *et seq*. Fla. Stat.

53. Ms. Yeager incorporates by reference paragraphs 16 through 49 as though fully stated herein.

54. Kohl's violated §559.72 of the FCCPA. Section 559.72 provides in relevant part: "In collecting consumer debts, no person shall: . . . (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."

55. Kohl's willfully called Ms. Yeager with such frequency and methodology as can reasonably be expected to abuse and harass Ms. Yeager and members of her family.

56. As a result of Kohl's violations of §559.72, Fla. Stat., Ms. Yeager is entitled to an award of actual damages and statutory damages of one thousand dollars ($1,000.00), for each and every violation, pursuant to §559.77(2) Fla. Stat.

57. The Court may award additional statutory damages by considering the nature of Kohl's noncompliance with §559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional.

58. Section 559.77(2) expressly authorizes the Court to award Ms. Yeager punitive damages.

## COUNT III

### Kohl's Intrusion upon Ms. Yeager's Seclusion

59. Ms. Yeager incorporates by reference paragraphs 16 through 49 as though fully stated herein.

60. Restatement of the Law, Second, Torts, §652(b) defines intrusion upon seclusion as "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

61. Kohl's violated Ms. Yeager's privacy. Kohl's violations include, but are not limited to, the following:

   a. Kohl's intentionally intruded, physically or otherwise, upon Ms. Yeager's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite having unequivocally revoked consent to be called three times.

   b. The number and frequency of the telephone calls to Ms. Yeager by Kohl's constitute an intrusion on Ms. Yeager's privacy and solitude.

   c. Kohl's conduct would be highly offensive to a reasonable person as Ms. Yeager received almost daily calls, calls on Saturdays, calls only minutes from each other, and multiple calls a day.

   d. Kohl's acts, as described above, were done intentionally with the purpose of abusing and harassing Ms. Yeager to pay the alleged debt, or to pay more than Ms.

    Yeager would otherwise.

  e. Kohl's conduct constitutes abuse and harassment, and exceeded reasonable collection efforts.

62. As a result of Kohl's violations of Ms. Yeager's privacy, Kohl's is liable to Ms. Yeager for actual damages. If the Court finds that the conduct is found to be egregious, Ms. Yeager may recover punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Ms. Yeager hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Danielle Yeager respectfully requests judgment be entered against Defendant Kohl's Department Stores, Inc. for the following:

 A. Declaratory judgment that Kohl's violated the TCPA, and the FCCPA;

 B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

 C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

 D. Actual damages pursuant to §559.77(2), Fla. Stat.;

 E. Statutory damages pursuant to §559.77(2), Fla. Stat.;

 F. Punitive damages pursuant to §559.77(2), Fla. Stat.;

 G. Actual and punitive damages for intrusion upon Alexander's seclusion;

 H. Attorneys' fees and court costs pursuant to §559.77(2), Fla. Stat.;

 I. Awarding Ms. Yeager any pre-judgment and post-judgment interest as may be

allowed under the law; and

J. Any other relief that this Honorable Court deems appropriate.

Date: August 11, 2021

**Santiago J Teran**
Santiago J Teran (FL Bar No. 1018985)
E-mail: santiago@pricelawgroup.com
Price Law Group, APC
2125 Biscayne Bldv., Ste 206
Miami, FL 33137
Direct: (347) 946-7990
Telephone: (818) 600-5586
Facsimile: (818) 600-5486
*Attorneys for Plaintiff Danielle Yeager*